In re HADAR LEASING INTERNA-
TIONAL CO., INC., Debtor.

HADAR LEASING INTERNATIONAL
CO., INC., Appellant,

v.

D. H. OVERMYER TELECASTING
COMPANY, INC. and Hundred East
Credit Corporation, Appellees.

Nos. 81 B 10689 81 Civ. 2380.
Civ. 2380.

United States District Court,
S. D. New York.

May 1, 1981.

Glass & Howard, Harvey L. Kaminski,
New York City, for appellant.

Skadde, Arps, Slate, Meagher & Flom, Donovan, Leisure, Newton & Irvine, New York City, for appellees; Michael L. Cook, William J. Rochelle, III, Ronald L. Cohen, New York City, of counsel.

GAGLIARDI, District Judge.

Since all parties are familiar with the events leading up to this appeal there is no need for me to recount in detail those events.

When the parties appeared before me last week, they agreed on a briefing schedule to which all parties have substantially adhered. At that time, Judge Galgay's order transferring this case to the Northern District of Ohio was effective as of April 21st, and I ordered a stay of that order until today, with the understanding that if at all possible I would render my decision on this appeal today. Although the briefing schedule was extended for one additional day, I have nonetheless concluded that the interests of all concerned would be best served by a prompt decision, thereby alleviating the need for a further extension of the stay.

■ A threshold question before reaching the merits is whether Judge Galgay's order transferring venue, pursuant to 28 U.S.C. § 1475, is appealable. This court, of course, has jurisdiction over all *final* orders from the Bankruptcy Court under 28 U.S.C. § 1334(a). A bankruptcy order transferring venue, though, is an interlocutory order, similar to an order transferring venue under § 1404(a). This does not, however, preclude judicial review of the order, since an interlocutory order may be appealed with leave of the court to which the appeal is taken under 28 U.S.C. § 1334(b). Subsection (d) of Rule 8004 of the Suggested Interim Bankruptcy Rules, adopted in this district, permits the court to waive the required application for leave to appeal if a timely notice of appeal is filed. I will consider Hadar's timely notice of appeal an application for leave to appeal. Collier suggests, at § 3.02[g], that unlike a § 1404 order, where there is little prejudice by deferring appeal until the conclusion of the case, there is good reason to grant leave to

appeal freely from a bankruptcy venue transfer order. Accordingly, I grant, *nunc pro tunc*, Hadar's motion for leave to appeal as of April 20th.

■ The parties appear to be in agreement on the applicable legal standards for the bankruptcy court's consideration of a motion to transfer venue, as well as on this court's standard of review from that order. Pursuant to Fed.R.Bank. 810, unless I find that Judge Galgay's findings were clearly erroneous, I must affirm his order of transfer.

The two applicable statutes on a motion to transfer venue are 28 U.S.C. § 1475 which contains the relevant language governing the exercise of the bankruptcy court's discretion: a case may be transferred "in the interest of justice and for the convenience of the parties," and Bankruptcy Rule 116(b), which repeats the same standard and adds the procedural requirement that the court may transfer a case "after hearing on notice to petitioner and such other persons as it may direct." Rule 116 goes on to state that "the transfer may be ordered at or before the first meeting of creditors."

In order to refine the broad and somewhat nebulous terms "convenience of witnesses" and "interest of justice", courts have considered five concrete standards. These are 1) proximity of creditors of every kind to the court; 2) proximity of the debtor to the court; 3) proximity of witnesses necessary to administration of the estate; 4) location of assets and 5) economic administration of the estate. *Matter of Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979). Occasionally, courts have applied a sixth standard; whether the intertwined relationship of debtors requires proceedings in one district. *See In re Banker's Trust*, 403 F.2d 16 (7th Cir. 1968), citing *In Re Hudick-Ross*, 198 F.Supp. 695 (S.D.N.Y.1961).

■ Judge Galgay made eleven specific findings after hearing argument on the motion. Contrary to appellant's arguments, I find that there was adequate support for

these findings, based solely on uncontroverted facts on the record before him, primarily in Hadar's Chapter 11 petition. These findings, as they relate to the standards I have outlined, are: first, that the majority of Hadar's creditors are located in the Northern District of Ohio or in adjacent districts. I have reviewed the creditors' list attached to the Chapter 11 petition and I conclude that there was a valid basis for Judge Galgay's finding. Of the nineteen creditors listed, eight are located in Ohio or Michigan. An additional six are in states other than New York and five are listed with New York addresses. I have eliminated Hundred East Credit from this calculation, the secured creditor joining in the motion to transfer. It is true, of course, that Judge Galgay did not consider the motion of the intervening creditors which is now before me. I first note that according to the Rules, it was not error for Judge Galgay to proceed with the argument on the motion without notice to creditors. Rule 116(b) states that notice shall be given to those whom the court directs, and I have found no explicit authority, nor have the intervenors cited any, which mandates notice to creditors on a motion to transfer venue. Since Rule 116 authorizes transfer before the first meeting of creditors, it permits transfer before the creditors are heard. Furthermore, as one court stated in denying a motion to transfer despite the overwhelming support of creditors in favor of transfer, "[i]f creditors' committees would be permitted to select the venue in an arrangement proceeding, it would completely thwart the venue provision of the Rules." *Matter of Distributors Warehouse, Inc.*, 1 B.R. 539, 542 (M.D.Fla.1979) (Bankruptcy Court). The governing standard is the proximity of the creditors to the court, not the creditors' choice of forum. Four of the six intervening creditors are in Ohio, and the remaining two in Michigan, they are indeed in greater proximity to Ohio than to New York.

The next factor is the proximity of the Bankrupt to the court. This consideration of course anticipates that it would be more convenient for the debtor, and would provide for ease of administration of the estate if the officers and directors were located in close proximity to the court. Judge Galgay found that Hadar is incorporated in Ohio, and further that it is not licensed to do business in New York. He further relied on Hadar's own admission that it intended to litigate in Ohio, which could fairly lead to the inference that its officers expected to appear before the Ohio court. Even without accepting the assertions of the movants at argument that Hadar's operation in New York is comprised of a staff of three persons occupying space rented to an Overmyer entity, there was sufficient support for finding that Hadar could be available without hardship in Ohio.

Finally, the factor which overwhelmingly militates in favor of transfer was Judge Galgay's finding, again by Hadar's own admission, that substantially all of its assets are in Ohio. The relationships between Hadar, Telecasting and Hundred East arise from the equipment which is in Ohio and under the jurisdiction of the Ohio court. The most economic administration of the estate will occur where one court can consider the intertwining relationships and the rights of Hadar to payment under those leases, which will in turn affect all its creditors. In its petition, Hadar asserted that its expectations of a successful arrangement depended on the resumption of lease payments to it by Telecasting. Since those payments terminated by order of the Ohio court, it seems clear and logical that the Ohio court should administer this estate.

I have considered carefully Hadar's arguments that it was not afforded an opportunity to present witnesses before Judge Galgay, and that he did not consider the affidavits of several creditors. In light of my findings that Judge Galgay had sufficient evidence on the record on which to base his ruling, it would be a waste of judicial resources to remand for the purposes of a hearing. The Second Circuit stated in *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 81 (1978), "[b]ecause transfer is so clearly warranted by the facts at hand, it is unnecessary to waste the district court's valuable time by requiring a hearing on

822

transferability." Although there is no statutory mandate under § 1404 or § 1406, at issue in *Corke*, as there is under Rule 116, the same considerations of judicial economy are applicable. Even had witnesses testified as to Hadar's activities in New York, they could not controvert Hadar's own statements as to the primary nature of its business activity, the leasing of equipment to Telecast, the location of nearly all its assets in Ohio and its expectations that successful reorganization would require a determination concerning the validity of the leases.

■ I have addressed the intervening creditors' argument that the ruling was in error because made without notice to creditors or before a creditors' meeting. The only remaining issue is whether the moving parties, Telecasting and Hundred East, had standing to move for a change of venue. The intervening creditors contend that since the interests of Telecasting, one of the moving parties, are adverse to the interests of the estate, it is an improper party to seek the venue transfer. In support of the argument, the creditors assert that Telecasting would not be entitled to vote at a creditors' meeting pursuant to Rule 207(d) and should thus be similarly precluded from moving to transfer venue. Although the creditors claim "they have been unable to find even one case in which a motion to transfer in such circumstances was granted," they have unfortunately failed to cite even one case in which a motion to transfer under such circumstances was denied. It is doubtful, as appellees argue, whether Rule 207(d) eliminates Telecasting from participating in all proceedings; however, that is not the issue before me. The court considering a venue transfer motion is not concerned with the identity of the moving party but rather with the standards which have to be met before granting such a motion. Judge Galgay addressed those issues and I affirm his ruling. Even if Telecasting were an improper moving party, there is no reason why Hundred East, a creditor could not bring on this motion. It is not motives which a court should consider but rather the objective standards applied by Judge Galgay.

Judge Galgay's order is affirmed.

So Ordered.