**In re Arthur L. OCHELTREE, SS # 063–12–2994, and Bonnie B. Ocheltree, SS # 585–16–3846, Debtors.**

**Bankruptcy No. 82–00670 M L.**

United States Bankruptcy Court, D. New Mexico.

Feb. 25, 1983.

Robert Young, Silver City, N.M., for First Nat. Bank of Princeton.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the debtors' Motion for Change of Venue to the Southern District of Texas, Houston Division. The facts are as follows:

The debtors filed a chapter 7 bankruptcy petition in the Southern District of Texas, Corpus Christi Division, on November 30, 1980. On February 10, 1982, venue was transferred to the Western District of Texas, El Paso Division, upon the motion of creditor First National Bank of Princeton, New Jersey. On July 8, 1982, Judge Thompson found that the debtors were transients, had never resided in El Paso or in the Western District of Texas, and were then temporarily residing with their son in Gila, New Mexico. Pursuant to these findings, venue was again transferred, this time to the Bankruptcy Court for the District of New Mexico. Subsequent to the latest transfer of venue, Mr. Ocheltree returned to Texas where he suffered congestive heart failure which required his hospitalization. The debtors now reside in Anahuac, Texas, where Mr. Ocheltree is registered to vote.

### Venue

The Court must exercise its discretion in transferring venue "in the interest of justice and for the convenience of the parties." 28 U.S.C. § 1475. These requirements are reiterated in Bankruptcy Rule 116(b)(1), which includes the additional limiting proviso that such a transfer "may be ordered at or before the first meeting of creditors." This procedural requirement is met here, since the first meeting of creditors has not yet been held.

The terms, "in the interest of justice" and "for the convenience of the parties" were standardized in *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir. 1979). The five factors articulated in that case have been followed by this Court in its decision in *In re Cash and Carry Tool Supply Co., Inc.*, No. 81–01264 M A, memo. op. & order (Bankr.D.N.M., July 30, 1982), as well as in the decisions of other courts. *C.f., Landmark Capital Company v. North Central Development Company (In re Landmark Capital Company)*, 8 B.C.D. 1160, 20 B.R. 220 (S.D.N.Y. 1982); *In the Matter of Lakeside Utilities*, 18 B.R. 115 (Bankr.D.Neb.1982); *In the Matter of Boca Development Associates*, 8 B.C.D. 1086, 18 B.R. 648 (S.D.N.Y.1982); *Hadar Leasing International Co., Inc., v. D.H. Overmyer Co., et al. (In re Hadar Leasing International Co.)*, 7 B.C.D. 686, 14 B.R. 819 (S.D.N.Y.1981). These five factors are:

(1) Proximity of creditors of every kind to the court;

(2) Proximity of the debtor to the court;

(3) Proximity of witnesses necessary to the administration of the estate;

(4) Location of assets; and,

(5) Economic administration of the estate.

*In re Commonwealth Oil Refining, supra,* at 1247.

Applying these factors to the instant case, the Court finds, first, that there are three creditors, none of which is based in New Mexico. One of the creditors, Exxon Credit Card Department, is, however, based in Houston, Texas, and another, First National Bank of Princeton, New Jersey, has been represented throughout these proceedings by counsel from Houston, Texas. The proximity of the third creditor, Arizona Bank of Phoenix, Arizona, will probably be enhanced by the proposed transfer of venue since air travel on scheduled major airlines can be accomplished directly to Houston, Texas, but not to Las Cruces, New Mexico, where proceedings in this case are scheduled. In addition, Arizona Bank has not objected to this proposed change of venue.

Second, the debtors now reside in Anahuac, Texas, which is within the Southern District of Texas, Houston Division, territory. Furthermore, the evidence is that both Mr. and Mrs. Ocheltree are in poor health, and that since his hospitalization in Anahuac and Houston for congestive heart failure, Mr. Ocheltree has been under the care of physicians in that area.

Third, witnesses for Exxon Credit Card Department no doubt work and reside in the Houston area and, thus, are very near the court for the Houston Division. While witnesses for Arizona Bank and First National Bank of Princeton, New Jersey, may not be proximate to the court for the Houston Division, they are probably no more so to the court of present venue. Moreover, as mentioned above, these creditors' witnesses will most likely find that public transportation to the Houston area is more readily attainable than that to the Las Cruces, New Mexico, area.

Fourth, this appears to be a no-asset case. What assets the debtors do have have been claimed exempt under Texas law.

Finally, the economic administration of the estate is greatly facilitated in the Houston Division, where the debtors reside and hold whatever assets they do have, where at least one of the creditors is based, and to which the other two creditors have easier access.

On the basis of these findings, the Court concludes that the interests of justice and the convenience of the parties are best served by transferring venue of this case to the Southern District of Texas, Houston Division.

Since this matter was heard, First National Bank of Princeton has filed a motion for rehearing. There are no facts alleged in said motion which would cause the Court to come to a different conclusion and the motion for rehearing will be denied.

This opinion shall constitute findings of fact and conclusions of law. Bankruptcy Rule 752.

An appropriate order shall enter.