**In re TOXIC CONTROL TECHNOLO-GIES, INC., Debtor.**

Bankruptcy No. 87–62387.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Feb. 9, 1988.

B. Burchett, Cohen, Starch & Weiner, East Chicago, Ill., J. Lamet and D. Richmond, Chicago, Ill., for HITK Corp. (HITK) and Toxic Waste Containment, Inc. (Toxic), petitioning creditors.

S. Place, Merrillville, Ind. and J. Blanco, Houston, Tex., for Toxic Control Technologies, Inc. (Debtor).

## MEMORANDUM DECISION ON CROSS–VENUE MOTIONS

FRANCIS G. CONRAD, Bankruptcy Judge, sitting by designation.

Debtor is a development stage company. Its principal business is the sale of Z–Impemix, a product originally intended for large scale toxic waste control, but now intended for use inside containers holding toxic materials and for other similar applications.

On December 27, 1986, an involuntary Chapter 7 bankruptcy petition was filed in this Court against the Debtor by HITK and Toxic. While the involuntary petition was pending, Debtor filed a voluntary Chapter 11 bankruptcy petition in the Southern District of Texas on August 20, 1987. In this

court, Debtor moved to transfer venue to the Southern District of Texas. HITK and Toxic oppose the motion to transfer venue.[1]

On December 17, 1987, the Debtor and the petitioners, by their counsel, represented that the involuntary petition would not be contested if it was Ordered that the case be under Chapter 11 and not Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* The petitioning creditors acquiesced to the Chapter 11 approach and the case has been so adjudicated by separate order of this Court dated December 17, 1987.

The parties also stipulated that this Court has the sole and complete right to determine the venue of this case.

The Debtor's motion to change venue under Rules of Practice and Procedure in Bankruptcy Rule 1014(a)(1)[2] and the petitioning creditors' Rule 1014(b)[3] motion came on to be heard December 17, 1987. Argument was heard, testimony and evidence received, and the matter was reserved for decision. Because we find that the Debtor has not met its burden of proof to change venue from the Northern District of Indiana to the Southern District of Texas, its Motion to Change Venue is denied.

## FACTS

The facts show that the Debtor's owner is located in Houston, Texas. All of the Debtor's sales and marketing activities are conducted from Houston, Texas.[4] The sales and marketing offices are combined or situated with other offices owned by the Debtor's principals or entities owned by the principals. The main asset[5] of the Debtor, an operating manufacturing plant of unknown value, is located in Indiana. Debtor's president lives in Beaumont, Virginia. Its secretary lives or works in Detroit, Michigan, and its treasurer (also a principal) lives or works in Houston, Texas. Two of the five directors reside in Texas, the remainder in Virginia, Michigan and Indiana.

Schedule A-1 of its voluntary Texas petition shows amounts owed to creditors in Illinois and Indiana. Schedule A-2 shows a claim, amount unknown, due to John and Daniel Burgus, with the claim being secured by the property upon which the manufacturing plant is situated. The majority of creditors are located in Indiana or proximal states. Although located in Connecticut, the two largest creditors, have stated their desire to have the case venued in the Northern District of Indiana.

Representations by counsel assert that inventory is kept and stored in Houston, Texas, but Debtor's voluntary petition

---

1. This opinion constitutes findings of fact and conclusions of law under Rules of Practice and Procedure in Bankruptcy Rule 7052.

2. Rule 1014 Change of Venue. (a) Transfer of Cases, (1) states:

   (1) Cases Filed in Proper District. If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

3. Rule 1014 Change of Venue. (b) Procedure When Petitions Involving the Same Debtor or Related Debtors Are Filed in Different Courts, states:

   If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an

affiliate, on motion filed in district in which the first petition is filed and after hearing on notice to the petitioners and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed. Except as otherwise ordered by the court in the district in which the first petition is filed, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made.

4. Sales and marketing were conducted originally from Indiana, but due to Debtor's purchase by a Texas Corporation the sales and marketing offices were transferred to Houston, Texas.

5. In this opinion we find the manufacturing plant to be the main asset of the company. But the circumstances of this case suggest valuable patents. We are not told about any patents and thus we can make not make any findings about them or consider them in our decision.

evinces no inventory or other intangibles in Texas, except a bank account at the National Bank of Texas.

The monthly operating statements filed with the Bankruptcy Division of the U.S. District Court, Southern District of Texas, show little or no operating activity. The largest cash receipt is an account receivable paid by the 100% corporate owner of the Debtor. We are not told if the receivable was created from sales or by other non-monetary economic activity.

### ARGUMENTS OF COUNSEL

Debtor argues that because its principal sales and marketing operations are in Houston, Texas, the venue of this case should be transferred to the Southern District of Texas. Debtor further argues that its principal creditors and the original petitioners in its involuntary petition are not prejudiced by having the case transferred to Texas because they would have to travel anyway, as opposed to the Debtor's principals [6] who would not have to travel far if the case was venued in Texas.

Counsel for the creditors in opposition to the Motion to Change of Venue assert that venue should remain in Indiana because the principal asset of the Debtor, its manufacturing plant, is located in Indiana; the majority of the creditors are close by; the largest creditors (the petitioning creditors) want the case heard in the Northern District of Indiana; and, there is no evidence to show the scope or size of the Houston, Texas activities other than that the sales and marketing offices are maintained there.

### DISCUSSION

Debtor has moved under rules of Practice and Procedure in Bankruptcy Rule

**6.** Debtor is owned by a corporation based in Texas, which in turn is owned by two principal shareholders.

**7.** 28 U.S.C. § 1412 became effective on July 10, 1984. P.L. 98–358 § 121(a), 98 Stat. 333 (1984). Under § 113 of P.L. 98–353, former 28 U.S.C. §§ 1475 and 1477, the predecessors to 28 U.S.C. § 1412 are no longer in effect, since § 113 provides that § 402(b) of P.L. 95–598 shall not be effective. Section 113 is in apparent conflict

1014(a)(1) to have its involuntary case transferred from the Northern District of Indiana to the Southern District of Texas. The petitioning creditors have moved under Rule 1014(b) to keep the case in this District. At oral argument, counsel for both sides stipulated that this Court has the sole right to determine the venue motion, although a voluntary Chapter 11 petition had been filed in the Southern District of Texas. Because the parties agree that we have the authority to hear the Rule 1014(b) venue motion, the Rule 1014(b) motion is moot, and accordingly, is not addressed by us.

Finally, no party disputes that venue may be proper in either the Northern District of Indiana or the Southern District of Texas. Thus, the only issue for us to decide is whether 28 U.S.C. § 1412 [7] requires a permissive transfer. 28 U.S.C. § 1412 states:

> A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice *or* for the convenience of the parties. (Emphasis ours).

There is a split of authority about whether the change in § 1412 as enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984 from § 1412's predecessor statute, 28 U.S.C. § 1475, deprives a Bankruptcy Court of its jurisdiction to hear a change of venue motion and order a transfer to another district. *In re Waits,* 70 B.R. 591, 594 (Bankr.S.D.N.Y. 1987) (citing the relevant split in authority and holding that a transfer of venue is a core matter concerning the administration of the estate under 28 U.S.C. § 157(b)(2)(A) which is heard pursuant to the District Court's order of reference under 28 U.S.C.

with § 121(a) of P.L. 98–353 which provides that the amendments shall take affect on July 10, 1984. *See also,* Rules of Practice and Procedure in Bankruptcy Rule 7087, effective August 1, 1987, without reference to the conflict deletes references §§ 1475 and 1477. Because our decision would be the same under either applicable statute, we don't resolve the statutory dilemma inflicted upon us by Congress' inartful draftsmanship.

§ 157(a)). *See* Northern District of Indiana Local Rule 45. We agree with the holding in *Waits, Id.* Although the statute refers to the district court, the section is applicable to the bankruptcy court, because it is a unit of the district court. Thus, this motion is within our jurisdiction under 28 U.S.C. § 1334(b) and is a core matter under 28 U.S.C. § 157(b)(2)(A). *In re Peter D'Angona,* 74 B.R. 577, 578. (Bankr.D.R.I.1987).

■ To transfer a case a court must find it in the interest of justice or for the convenience of the parties. 28 U.S.C. § 1412. The new statute is phrased in the disjunctive. Each requirement is discrete. *Compare, Commonwealth of Puerto Rico v. Commonwealth Oil Refining Company, Inc., (In re Commonwealth Oil Refining Company, Inc.),* 596 F.2d 1239 (5th Cir. 1979) *cert. denied,* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980) (interpreting former section 28 U.S.C. § 1475 which phrased "in the interest of justice *and* convenience of the parties in the conjunctive.") (Emphasis ours). The § 1412 standard is a more liberal standard then its predecessor § 1475. It is no longer a two-fold test. But *see, Birchminster Corporation of California,* 6 B.R. 258 (Bankr.E.D.Pa. 1980). (Holding under former § 1475 that the test for a properly filed case is twofold: interest of justice and convenience of parties).

■ The power to transfer a case must be exercised cautiously. *In re One-Eighty Investments, Ltd.,* 18 B.R. 725, 728 (Bankr.N.D.Ill.1981) (applying former 28 U.S.C. § 1475). The decision to transfer or retain a bankruptcy case lies within the sound discretion of the bankruptcy court. *In re SOS Sheet Metal Co.,* 297 F.2d 32 (2d Cir.1961); *In re Eleven Oak Tower Limited Partnership,* 59 B.R. 626, 628 (Bankr.N. D.Ill.1986).

This Court, in the exercise of its discretion, must weigh a number of factors before determining whether or not to grant a motion to transfer venue. *Waits, supra,* at 594. These factors may be listed as follows:

1) The proximity to the Bankruptcy Court of assets, creditors, debtor, its principals, evidence, and witnesses.

2) The willingness or abilities of parties, debtor and creditors alike, to participate in the case or in adversary proceedings, *vis á vis* one venue over another. But *See* 28 U.S.C. § 1409. Venue of proceedings arising under Title 11 (11 U.S.C. §§ 101 *et seq.*) or arising in or relating to cases under Title 11 and 28 U.S.C. § 1410. Venue of cases ancillary to foreign proceedings.

3) The economical and efficient administration of the estate.

4) The availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining their attendance.

5) The applicability of State law to the case and adversary proceedings. *See* 28 U.S.C. § 1409.

6) The intertwined relationships of the debtors.

7) The necessity for ancillary administration. *See* 28 U.S.C. § 1410.

8) A local interest in having localized controversy decided at home.

■ Finally, the burden of establishing that a case should be transferred is on the moving party, and must be shown by a preponderance of the evidence. *In re United Button Co.,* 137 F. 668, 673 (D.Del. 1904).

■ Because the tests to change venue are now discrete, and because the Debtor presented more argument and evidence on the issue of the convenience of the parties, we first discuss whether venue should be transferred for that reason. The Debtor argues that since the principals are located in Texas and the sales and marketing activities are conducted in Texas, venue should be transferred to Texas. We find this argument unpersuasive in light of the totality of the circumstances presented to us.

The majority of the creditors are located in or near Indiana. Moreover, the two largest creditors have expressed their preference for maintaining the case in Indiana.

Some potential witnesses, and some of the Debtor's officers and directors presently reside in or near Indiana.

A primary consideration is that the Debtor's principal asset, its manufacturing plant, is located in Indiana. *Compare, In re 19101 Corporation,* 74 B.R. 34 (Bankr. D.R.I.1987). (Often, the location of the principal assets so affects the other factors that the location of the Debtor's principal asset becomes a primary influence on the court). This is the situation here.

In the interest of economical and efficient administration of this case, venue should remain close to the site of the Debtor's principal asset. Matters concerning real property have always been of local concern and traditionally are decided at the sites of the property. *In re Eleven Oak Tower, Limited Partnership,* 59 B.R. 626 (Bankr.N.D.Ill.1986). This court, sitting in the Northern District of Indiana is in a better position to apply local law to proceedings arising in or related to this case.

The location of the principals and the sales and marketing officers are outweighed by the location of the creditors, potential witnesses and the principal asset. Thus, we find that the Debtor has not met its burden of establishing, by a preponderance of the evidence, that the case should be transferred to Texas for the convenience of the parties.

■ Since the Debtor failed to satisfy the "convenience of parties test", it must satisfy the "interest of justice test" to effect a change in venue. Like the "convenience of parties test" the Debtor has the burden of persuasion by a preponderance of the evidence.

The Debtor argued that its sales and marketing operations are in Texas. But, no evidence was provided to establish the scope or size of the operations. The opposite is true of its activities in Indiana. It has a fully operational manufacturing plant in Indiana which produces product for sale, although we find little evidence of sales anywhere.

The Debtor further failed to establish that the reorganization would proceed more efficiently if venue were transferred to Texas. Its Texas operating reports show little or no activity. Its principals did not bother to come and testify at the change of venue hearing. On the other hand, the petitioning creditors have shown an interest in the Debtor. Consequently, the Debtor fails to show, by a preponderance of the evidence, that venue should be transferred to Texas in the interest of justice.

For all of the above reasons this court, exercising its discretion, holds that neither the interest of justice nor the convenience of the parties will be served if the case is transferred to the Southern District of Texas.

An appropriate order will be entered.