**In re C. Frederick BENT, III, Debtor.**

**Bankruptcy No. 88–00059.**

United States Bankruptcy Court,
D. Vermont.

Sept. 19, 1988.

C.F. Bent, III, Boston, 'Mass.; pro se.

J. Faignant, Miller, Cleary & Faignant, Rutland, Vt., for Community Nat. Bank (Community).

G. Glinka, Cabot, Vt., trustee, pro se.

K. Lefebvre, Albany, N.Y., for U.S. Trustee.

J. Meyers, White River Junction, Vt., for creditors Tochman and Schiffren.

R. Obuchowski, South Royalton, Vt., for Household Finance Corp. (Household).

### MEMORANDUM DECISION ON MOTION TO CHANGE VENUE

FRANCIS G. CONRAD, Bankruptcy Judge.

We have before us[1] Bent's motion to change the venue of his case from the District of Vermont to the District of Massachusetts. Because we find that the interests of justice would best be served by transferring these proceedings to the District of Massachusetts, the Debtor's motion is granted.

Bent commenced his case on March 7, 1988 as a voluntary Chapter 11 case under Title 11, U.S.Code, 11 U.S.C. § 101, et seq. By Order dated July 17, 1988, we converted the case to one under Chapter 7. In our

---

1. We have jurisdiction to hear this motion under 28 U.S.C. § 1334(b). It is a contested matter under Rules of Practice and Procedure in Bankruptcy Rule 9014.

findings converting the case, we specifically found that the Chapter 11 case was filed in bad faith.

In support of his motion to change venue, Bent, testified in open Court, and in his moving papers, that the case was properly before us. See 28 U.S.C. § 1408, because Vermont was his principal place of residence and business administration when he filed his bankruptcy petition. Now, however, because he is living at his spouse's residence in Massachusetts, he voices that it would be in the interest of justice and more convenient for him and his creditors to have the case transferred to Massachusetts.

As additional support for his motion, by testimony and memorandum, Bent showed that his major arena of employment is in Massachusetts, Southern New Hampshire, and New York. He also testified and argued that the preponderance of his creditors are in Massachusetts or have offices in that jurisdiction.

Three adversary proceedings involving nondischargeability complaints have been filed against Bent in this jurisdiction. One is set for trial on September 28, 1988. Each of these adversary proceedings, according to Bent, are based on transactions and events which occurred in the Boston, Massachusetts area. At the first pre-trial conferences Bent and his opponents raised questions about the local law to be applied in the adversary proceedings. A cursory review indicates they may involve our interpretation of the laws of New York, New Hampshire, Massachusetts, and the Bahamas. Schedules for submissions of memoranda on the conflict of laws issue have been set by a pre-trial Order in at least two of the adversary proceedings, and a status conference on the third is set for hearing within sixty (60) days. The availability of compulsory process and attendance of unwilling witnesses outside this Court's jurisdiction may be a problem in the adversary proceedings.

Furthermore, Bent argues, he is not in a financial position to obtain counsel in Vermont, whereas counsel who are participating in ongoing various Massachusetts State Court proceedings are available to assist the debtor if the adversary proceedings are tried in Boston.

Bent also appeals to our equity powers and the Bankruptcy Code's goal of helping a debtor achieve a "fresh start."

All the creditors in attendance at the change of venue hearing, except creditors Tochman and Schiffren, oppose the motion.

The U.S. Trustee opposed because Bent may have a controlling property interest in a companion case entitled *Jay Roads Resorts, Inc.*, Case No. 88–00058. The U.S. Trustee presented no evidence to support its opposition other than the information present in *Jay Roads Resorts, Inc.'s* bankruptcy petition.

As additional cause, the U.S. Trustee asserts that judicial economy is best served if we hear one of the adversaries filed in this Court because of its complexity. Although we appreciate the U.S. Trustee's gracious left-handed compliment, we believe the Bankruptcy Courts of Massachusetts are equally capable of hearing all of the adversary proceedings. The U.S. Trustee also argues that judicial economy would also be served because we have become familiar with the complexities of the case.

The U.S. Trustee points out that no creditor has moved to change venue, and in fact, they have come to our forum for various forms of relief. The U.S. Trustee believes Bent is indulging in blatant Judge-shopping and thus, is acting in bad faith.

Finally, the U.S. Trustee argues, that with the exception of Bent's change in address, Bent shows no fact or condition that is a change in circumstances from the time this case was filed.

Community National Bank ("Community"), the largest unsecured creditor, is located in Vermont. Its claim is footed in the guaranty given by Bent in the *Jay Roads Resort, Inc.* case. Community indicated, by counsel, they were ready to defend their claim in Vermont.

Household Finance Corporation ("Household") attacked Bent's venue motion by using logic and quantitative analysis. It pointed out that based on Bent's original

list of twenty (20) largest creditors, the three (3) largest creditors who constitute 74% of the total amount of the creditor's claims are not located in Massachusetts, and in fact, approximately 64% of all creditors listed are not in Massachusetts. Additionally, Household points out that the majority of the adversary proceedings against Bent, as gleaned from Bent's proposed plan of reorganization, are not directly related to Massachusetts.

Finally, Household argues that Bent is not acting in good faith. It points to our conversion Order and the fact that Bent failed to file schedules of liabilities and assets, statement of financial affairs, and other lists as required by the Rules of Practice and Procedure in Bankruptcy until July 8, 1988. Household argued that this shows Bent's bad faith and prejudices creditors.

The Chapter 7 trustee joined in the arguments which oppose Bent's motion and asked whether Bent's voluntary post-petition change of domicile is enough to support a change in venue.

The trustee's terse observation frames the issue at bar. We rephrase it slightly, to limit our holding, to say: Does a voluntary change in circumstances post-petition allow a Bankruptcy Judge to transfer a case to another District in the interest of justice, or for the convenience of the parties?

■ The Court, in the exercise of its discretion, must weigh a number of factors before determining whether or not to transfer venue of a case. These factors may be listed as follows:

1) The proximity to the Bankruptcy Court of assets, creditors, debtor, its principals, evidence, and witnesses.

2) The willingness or abilities of parties, debtor and creditors alike, to participate in the case or in adversary proceedings, vis a vis one venue over another. But see 28 U.S.C. § 1409. Venue of proceedings arising under Title 11 (11 U.S.C. § 101, et seq.) or arising in or relating to cases under Title 11 and 28 U.S.C. § 1410. Venue of cases ancillary to foreign proceedings.

3) The economical and efficient administration of the estate.

4) The availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining their attendance.

5) The applicability of State law to the case and adversary proceedings. See 28 U.S.C. § 1409.

6) The intertwined relationships of the debtors.

7) The necessity for ancillary administration. See 28 U.S.C. § 1410.

8) A local interest in having localized controversy decided at home.

*In re Toxic Control Technologies, Inc.,* 84 B.R. 140 (Bkrtcy.N.D.Ind.1988).

■ The burden of establishing that a case should be transferred is on the moving party, and must be shown by a preponderance of the evidence. *In re Toxic Control, supra,* citing, *In re United Button Company,* 137 F. 668, 673 (D.Del.1904).

■ An application of the eight factors to this case produces mixed results.

The debtor now lives in Massachusetts. Many, if not most, of the witnesses in the filed adversary proceedings are not located in Vermont. According to Schedule A–3, late-filed by Bent on July 8, 1988, approximately 61% of the listed unsecured creditors have Massachusetts addresses while only one creditor is in Vermont. The remaining 35% of the creditors are dispersed throughout the eastern United States. The location of the assets is not a factor here because this appears to be a no-asset case. We would have to conclude this first factor weighs in favor of the debtor.

The second factor to be considered is the ability of the parties to participate in the case. At least two Courts have placed great emphasis on the debtor's ability to participate in the bankruptcy proceedings. *Burlingame v. Whilden (Matter of Whilden),* 67 B.R. 40 (Bkrtcy.M.D.Fla.1986); *In re Ocheltree,* 71 B.R. 1 (Bkrtcy.D.N.M. 1983). In *In re Ocheltree,* the debtors' motion to change venue was granted where the debtors, who had moved to the trans-

feree district post-petition, could not travel to the forum District because they were in poor health and the transfer would not inconvenience the creditors. *Id.* at 2. In *In re Whilden,* a creditor's motion to change venue of an adversary proceeding was denied because the debtor would not be able to defend himself in the proposed venue due to his lack of funds. *Whilden,* 67 B.R. at 42. Though not for health reasons as in *Ocheltree,* Bent, in an offensive mode, claims a similar disability to *Whilden* since he is unable to prosecute his case and the related adversary proceedings in Vermont due to his financial inability to obtain counsel here. Bent, however, has testified that he will be able to obtain Massachusetts counsel if the case were transferred to Massachusetts. Bent has testified that counsel in Massachusetts will accept Bent's services as compensation for representing Bent. We conclude that Bent's ability to obtain counsel in the Massachusetts forum is a significant factor in Bent's favor.

Factor number 3, the economical and efficient administration of the estate, appears to be a draw. Although pre-trial hearings have been held in the three adversary proceedings and the case load in this District, as compared to Massachusetts, is less congested, it is not clear that this estate would be administered more efficiently and economically if venue were to remain in Vermont. The Chapter 7 trustee was appointed on July 21, 1988, one month prior to the change of venue hearing. Transfer of Bent's case at this time will unlikely cause substantial "duplicative and more burdensome efforts by the judiciary and by trustees." *In re Geis,* 66 B.R. 563, 566 (Bkrtcy. N.D.Ga.1986) (debtor's motion to change venue to District where he moved post-petition was denied because the witnesses and evidence relating to the remaining issues in the case were in the forum District).

Factor number 4 weighs in favor of the debtor. No evidence was presented to contradict Bent's testimony that most potential witnesses are located out-of-state.

The applicability of the conflict of laws to this case and the filed adversary proceedings presents a complex issue. From our knowledge of the case and the related ad-

versary proceedings, the laws of New York, New Hampshire, Massachusetts, and the Bahamas may have to be interpreted. We are in no worse a position than a Massachusetts Court to interpret the law of other jurisdictions. Bent fails his burden on this factor.

Bent sustained his burden on factor number 6. The U.S. Trustee presented no evidence to support his argument that Bent did have a financial interest in *Jay Roads Resorts, Inc.* Bent testified under oath that he did not have a financial interest in *Jay Roads Resorts, Inc.* Although his testimony appeared to us to be self-serving, it was not rebutted.

Factor number 7 is a draw in our view, and therefore, debtor fails his burden. To date, no ancillary proceedings have been started in other jurisdictions.

Finally, we come to the localized controversy criteria. Bent carried his burden on this issue because most of the controversy surrounding this case took place elsewhere. Other than Bent's alleged guaranty to Community, related to the companion *Jay Roads* case, and a possible tort action against the State of Vermont, we have no local interest in this case.

The decision to transfer or retain a bankruptcy case lies within the sound discretion of the Bankruptcy Court. *In re Toxic Control,* 84 B.R. at 143. Discretion is exactly what it means, the freedom to act according to one's judgment. Our judgment tells us we should send this case and its adversary proceedings to the District of Massachusetts. Standing by itself, the debtor's voluntary post-petition change of residence is not enough to allow a venue transfer. The application, however, of the eight factors discussed above in addition to the change of circumstances in this case results in the conclusion that Bent's bankruptcy case should be transferred to the District of Massachusetts in the interests of justice. Five of the eight factors support the transfer of this case to the District of Massachusetts. Bent's inability to obtain counsel to represent him in Vermont and his uncontradicted ability to obtain counsel of choice in Massachusetts, coupled with the fact that a majority of the credi-

tors are in Massachusetts, is strong justification for transfer of this case. Lastly, Bent's inadequate pro se performance in this Court demonstrates that he needs representation to ensure he receives the fresh start envisioned by the Code.

In further support of the exercise of our discretion is our experience with "hotly contested" Chapter 7 cases like this one. From the very first day of this case, the creditors have pursued the debtor vigorously. This is not likely to change if the case is transferred to Massachusetts.

For all of the above reasons, this Court holds that for the convenience of the parties and in the interest of justice, the Chapter 7 case of C.F. Bent should be transferred to the District of Massachusetts.

An appropriate Order will be entered.