**In re Glen Gregory GALE, Jr.**

**Bankruptcy No. 92–10152S.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

July 21, 1992.

See also 144 B.R. 415.

---

Charles W. Baker, Little Rock, Ark., for plaintiff.

William Oliver, San Antonio, Tex., Phil Pesek, Little Rock, Ark., for Richters.

Samuel F. Beller, Ash Flat, Ark. for First Nat. Bank of Sharp County.

## ORDER DENYING MOTIONS FOR REHEARING

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon several motions for rehearing filed by the debtor and also purportedly filed by various creditors in this case. On June 16, 1992, the creditors David F. Richter and Ethelyn A. Richter filed an Emergency Motion for Change of Venue in this and a related bankruptcy case, *In re Woodland Heritage Corporation*, Case No. 92–10151S (E.D.Ark. filed June 8, 1992). Hearing on the emergency motion was held on July 1, 1992, after which the Court granted the motion to transfer venue. The Court made oral findings of facts and conclusions of law, pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

The debtor and several creditors have asked for a rehearing of the motion to transfer venue.[1] The creditors David and Ethelyn Richter have responded. The following motions are before the Court:

1. "Debtor's Motion for Rehearing," filed on July 16, 1992. The basis for the motion is that numerous creditors were not served with the Court's notice of hearing on the motion to transfer venue. This lack of notice, the debtor argues, mandates a new trial pursuant to Rule 9023, Federal Rules of Bankruptcy Procedure.[2]

2. "Creditors' Motion for Rehearing," filed on July 17, 1992, by the Bank of Evening Shade and the Arkansas Bank of Cave City, Arkansas. The basis of the motion is that the banks are "substantial creditors" of the debtors and "have a right to be heard on this seminal issue. Failure to notify the Banks affected their rights to participate in the Debtors' bankruptcies without due process of law."

3. "Creditors' [sic] Motion for Rehearing," filed on July 17, 1992, by the First National Bank of Sharp County. The basis of the motion is that the bank, "a substantial creditor" of the debtors "have a right to be heard on this seminal issue. Failure to notify the Bank affected, without due process of law, its right to participate in the Debtors' bankruptcies."

The salient facts regarding the notice issue are not in dispute. The Emergency Motion for Transfer of Venue was filed on June 16, 1992, and was served on all creditors. Indeed, the creditors admit in their motions that they were served with and in fact received copies of the emergency motion. None of the complaining creditors responded or otherwise objected to the emergency motion. None of the complaining creditors filed an entry of appearance to precipitate notice of the hearing.

On June 19, 1992, the Court issued a Pre–Hearing Order in which the Court established deadlines for pretrial filings and set the emergency motion for evidentiary hearing for July 1, 1992. The Pre–Hearing Order was served upon the United States Trustee, the debtor's counsel, and the Richters' local and Texas counsel. The pretrial filings were submitted, including witness and exhibit lists. The debtor's witness list included the following residents of Arkansas:

Paul Bacon, owner of Evening Shade Real Estate. Mr. Bacon appeared and testified at trial.

Richard Swink, owner of Landmark Water Company. Mr. Swink appeared and testified at trial.

---

1. The motions filed in this case and the companion case are virtually identical. Indeed, the creditors Bank of Evening Shade, Bank of Cave City, and the First National Bank of Sharp County filed one pleading which combined the cases.

2. Despite the assertions that a "substantial" number of creditors are interested in the venue issue, the debtor served none of the creditors with its motion for rehearing.

John Thornton, Executive Vice President of the First National Bank of Sharp County. Mr. Thornton appeared and testified at trial.

L. Gray Dellinger. Although listed as a witness, Mr. Dellinger was not called to testify at trial.

The debtor requests a new hearing on the basis that all creditors were not given notice of the hearing. The debtor names three unnoticed "interested" creditors, one of whom is the debtor in the companion case, Woodland Heritage Corporation. One of the remaining creditors, the First National Bank appeared as a witness and testified at the hearing on the motion to transfer venue. The debtor asserts that since these creditors appeared at the scheduled 341 meeting,[3] they are obviously sufficiently interested such that they should have received notice of the hearing. The Court finds this statement disingenuous. Inasmuch as it appears to the Court that the debtor prepared or assisted in the preparation of the creditors' motions submitted to the Court, there is a strong inference that the appearance by the creditors at the 341 meeting which occurred after the hearing on transfer of venue may have been orchestrated by the debtor.

While the Court does not base its decision upon the seemingly conflicting actions of the debtor, they should be noted. Both the Richters' and debtor's counsel have assigned client identification numbers to documents prepared for their respective clients. These numbers are generally recorded on word processing documents and appear in the lower right corner on the original documents filed with the Court. The same client identification number appears on all of the lengthier documents submitted by the debtor. This same number also appears on the two pending motions submitted by the creditors. The Court earlier highlighted the similarities in style and language of all of the motions for rehearing. The debtor's assertion that the creditors' activities indicate their "interest" in the case remaining in Arkansas is thus extremely suspect.

■ The motions purportedly prepared by the creditors state that they are interested in the proceedings and that litigating in Texas would constitute a burden upon them. Although admitting that they did not file a response to the emergency motion, they assert that they were entitled to notice of the hearing. Procedure regarding transfer of venue in a bankruptcy case is governed by Rule 1014, Federal Rules of Bankruptcy Procedure, which states in pertinent part:

> *Cases Filed in Proper District.*[4] If a petition is filed in a proper district, on timely motion of a party in interest, *and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court*, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

Fed.R.Bankr.Proc. 1014(a)(1) (emphasis added). Rule 1014 specifically states those persons upon whom notice must be served: the petitioners, the U.S. Trustee, and others *as directed by the court.* The clerk of the court served notice upon the movants, the debtors, and the U.S. Trustee. That is all the rule requires. *See Hadar Leasing International Co., Inc. v. D.H. Overmeyer Telecasting Company, Inc. (In re Hadar Leasing International Co., Inc.)*, 14 B.R. 819, 821 (S.D.N.Y.1981) ("[Former] Rule 116(b) states that notice shall be given to those whom the court directs, and I have found no explicit authority, nor have the intervenors cited any, which mandates notice to creditors on a motion to transfer venue. Since Rule 116 authorizes transfer before the first meeting of creditors, it

---

**3.** The U.S. Trustee is required to schedule the 341(a) meeting within a particular period after filing of the petition in bankruptcy. Fed. R.Bankr.Proc. 2003(a). In this case, the trustee's minutes of the meeting held on July 15, 1992, which are included in the case files and records, indicate that it was continued due to the Court's Order to transfer venue, entered on July 9, 1992.

**4.** In the oral findings, the Court found that the Eastern District of Arkansas was a proper district for venue purposes.

permits transfer before the creditors are heard."). No order was requested nor entered requiring notice upon any other persons. Despite the uncontroverted fact that the emergency motion was served upon all creditors, no creditor responded to or otherwise objected prior to the hearing.[5] If the moving creditors were truly "interested" they could have, and should have, filed a response to the motion. Indeed, an interested creditor having a large stake in the bankruptcy, as some of these creditors assert, would have filed an entry of appearance in order to obtain copies of all pleadings and orders entered. Fed.R.Bankr. Proc. 9010(b).

■ Fairness and due process in bankruptcy requires that creditors have notice of particular matters affecting them and an *opportunity* to be heard with regard to their interests. While it is questionable whether creditors are required to have notice of a motion to transfer venue, *see Hadar Leasing*, 14 B.R. at 821, this Court holds that sufficient notice of the proceedings was given. While fairness and due process require opportunity to be heard, there is no requirement that the Court seek out creditors: creditors are not permitted to sit on their rights and wait for the Court to ask their opinion. In the instant case, all creditors were served with the emergency motion to transfer venue. All creditors had the opportunity to file a response or appear in the bankruptcy and be heard. Those persons evincing an interest in the matter had full opportunity to be heard. Indeed several of the creditors were heard: they appeared and testified regarding their status as creditors and the effect of transferring venue.

Notice provisions in bankruptcy cases are more carefully and fully set forth than in other matters litigated in federal courts. The reasons behind this are obvious: credi-

tors by necessity must have notice of matters which affect their rights. The concerns of due process are balanced against the burdens and costs to the court and all litigants in the bankruptcy situation where numerous separate issues arise with respect to multitudes of creditors. The requirements of Rule 2002 generally list those matters of which *all* creditors must be given notice. A potential transfer of venue is not one of these items listed.[6] Instead, Rule 1014 specifically states the persons to whom notice of the hearing must be given.

The Court finds the creditors' statements that they had no opportunity to appear at the hearing to represent their interests disingenuous. One of the complaining creditors were listed as witnesses in the proceeding and in fact appeared and testified. Further, the complaining creditors' status as creditors is somewhat remote. It appears from the schedules in the *Woodland Heritage* case that the complaining creditors are each fully secured. The debtor Gale is merely a guarantor of these debts owed by Woodland Heritage to the complaining creditor banks. Accordingly, the likelihood that these banks will be required to appear in the *Gale* case is remote.

The debtor forcefully argued at the venue hearing that the majority of creditors reside in Arkansas. The Court reviewed the schedules and listing of creditors. The debtor has virtually no creditors in Arkansas. The only Arkansas debts are the guarantees on the three Arkansas banks and the potential liability represented by a lawsuit currently pending filed by an Arkansas resident.

Finally, of great import is the fact that none of the moving parties stated that they are aware of additional factors which would militate in favor of maintaining ven-

---

**5.** Counsel for the Arkansas Soil and Water Conservation Commission, who did file an entry of appearance, but not until June 30, 1992, appeared at the hearing, and stated an objection to the motion to transfer venue. The Court took due notice of the interest of this entity, which chose not to file a written objection. The attorney then inexplicably departed the courtroom and did not remain for the proceedings.

**6.** Presumably, the debtor would be most desirous of maintaining its chosen forum and would ardently defend against any motion for transfer of venue. The Court can hardly imagine a case more zealously argued and tried than by the debtor in this case.

ue in the Eastern District of Arkansas. At the conclusion of the hearing, the Court made specific findings of fact and conclusions of law, finding that the interests of justice required transfer of the case to Texas. The movants have stated no facts which would alter the finding that the interests of justice require transfer of venue. The most convenient forum for virtually any creditor is the geographically nearest forum. Rehearing in this instance would simply be a waste of judicial resources and of the resources of the small creditors who have filed the motions. The court's statement in *Hadar Leasing* is directly on point:

"I have considered carefully Hadar's arguments that it was not afforded an opportunity to present witnesses before Judge Galgay, and that he did not consider the affidavits of several creditors. In light of my findings that Judge Galgay had sufficient evidence on the record on which to base his ruling, it would be a waste of judicial resources to remand for the purposes of a hearing.... '[b]ecause transfer is so clearly warranted by the facts at hand, it is unnecessary to waste the district court's valuable time by requiring a hearing on transferability.' ... Even had witnesses testified as to Hadar's activities in New York, they could not controvert Hadar's own statements as to the primary nature of its business activity, ... the location of nearly all its assets in Ohio and its expectations that successful reorganization would require a determination concerning the validity of the leases."

*Hadar Leasing*, 14 B.R. at 821–22. Even were the movants to submit testimony that venue in Arkansas is of greater convenience to them, the facts would still, overwhelmingly, support a finding that the interests of justice require that this bankruptcy case be administered in Texas. *See In re Hadar*, 14 B.R. 819.

At the conclusion of the hearing on July 1, 1992, the Court found that the overwhelming evidence required that the case be transferred in the interests of justice, pursuant to Rule 1014(1)(a). Neither the complaining creditors nor the debtor have raised any reason why this ruling should be reviewed. The argument that "substantial creditors" were denied an opportunity to be heard is meritless in light of the true nature of the debts and the fact that all were served with the emergency motion.

ORDERED as follows:

1. The "Debtor's Motion for Rehearing," filed on July 16, 1992, is DENIED.

2. The "Creditors' Motion for Rehearing," filed on July 17, 1992, by the Bank of Evening Shade and the Arkansas Bank of Cave City, Arkansas, is DENIED.

3. The "Creditors' [sic] Motion for Rehearing," filed on July 17, 1992, by the First National Bank of Sharp County is DENIED.

IT IS SO ORDERED.

