**In re Glen Gregory GALE, Jr.**

**Bankruptcy No. 92–10152S.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

July 30, 1992.

See also 144 B.R. 411.

Charles W. Baker, Michael Alexander, Little Rock, Ark., for plaintiff.

William Oliver, San Antonio, Tex., Phil Pesek, Little Rock, Ark., for Richters.

Samuel F. Beller, Ash Flat, Ark., for First Nat. Bank of Sharp County, the Bank of Evening Shade and the Bank of Cave City.

Betty C. Dickey, Little Rock, Ark., for the Arkansas Soil and Water Conservation Com'n.

Mark A. Farmer, F.D.I.C., San Antonio, Tex.

## ORDER DENYING MOTION FOR REHEARING

MARY D. SCOTT, Bankruptcy Judge.

 THIS CAUSE is before the Court upon a motion for rehearing filed on July 27, 1992, by Sherra Hutchins. Hutchins, a plaintiff in a personal injury action pending in Sharp County, Arkansas, requests that the Order transferring venue be vacated.[1]

---

1. A motion for rehearing, filed more than ten days after entry of the Order, is untimely. *See* Fed.R.Bankr.Proc. 9023. The request for relief and the content of the motion, however, indicate that this is a motion under Rule 9024, which requires only that the motion be made

Hutchins asserts two bases for her motion. First, she asserts that the failure to receive notice of the motion to change venue effected a denial of due process of law. Secondly, Hutchins asserts that the "expense of trial of a civil action for personal injury in Bankruptcy Court in Texas will be prohibitive to Sherra Hutchins, and will effectively deny her access to the Courts, thus denying her equal protection of the law."

The salient facts regarding the notice issue are not in dispute. The Emergency Motion for Transfer of Venue was filed on June 16, 1992. The certificate of service appended to the motion indicates that Hutchins was not served with a copy of the emergency motion.[2] Hearing on the emergency motion was held on July 1, 1992, at the conclusion of which the Court found that the overwhelming evidence required that the case be transferred in the interests of justice, pursuant to Rule 1014(a)(1). An Order transferring venue was entered on July 9, 1992.

Hutchins asserts that she did not learn of either the bankruptcy proceeding or the Order transferring the bankruptcy case until July 17, 1992. The circumstances by which Hutchins learned of the bankruptcy proceedings are worthy of discussion because they highlight the manipulative methods by which the debtor is conducting this bankruptcy proceeding. The allegations of the motion state as follows:

3. That on Friday, July 17, 1992, Jerry Post, counsel for Sherra Hutchins, received by mail the following:

(a) In re Glen Gregory Gale, Jr., debtor case number 9210152S.

(1) Application to Employ Attorney Under General Retainer (Catherine M. Stone) * * * *

[listing of documents received in Gale and Woodland Heritage Bankruptcy Case]

4. On Monday July 20, 1992 Jerry Post, attorney for Sherra Hutchins received a telephone inquiry from the office of Michael L. Alexander, Barber, McCaskill, Amsler, Jones and Hale, P.A., the attorneys for Woodland Heritage Corporation in the civil suit in Sharp County Circuit Court, asking to set a time and a place for the depositions of the plaintiff, and several of the plaintiff's witnesses.

5. Jerry Post, attorney for Sherra Hutchins inquired whether Mr. Alexander, or any member of the Barber Law Firm was aware of a bankruptcy proceeding, and asked that the Barber Law Firm direct an inquiry to Charles W. Baker, Jr., whose name appeared on the Motions.

*In re Woodland Heritage Corporation,* Case No. 92–10151S at 1–2 (Motion of Sherra Hutchins for Rehearing, filed July 27, 1992). The debtor is certainly aware of the existence of the law suit pending in Sharp County against it: the suit was listed in the schedules; counsel is involved in litigation of the suit. The debtor, however, failed to provide Hutchins with notice of the bankruptcy proceeding. Indeed, it is clear from these assertions, that debtor failed to advise its attorneys litigating the personal injury action of the filing of bankruptcy.[3] The debtor has also failed to comply with the Local Rules of this Court which require that the debtor file a notice of bankruptcy

---

within a reasonable time. The Court finds that the interest of justice requires that the "motion for rehearing," requesting that the Order transferring venue be set aside, be construed as a motion for relief from order under Rule 9024. The motion, filed only 10 days after Hutchins became aware of the bankruptcy and only 6 days after Hutchins became aware of the Order transferring venue, is filed within a reasonable time pursuant to Rule 9024.

In the alternative, Hutchins requests that the stay be relaxed in order that the state court personal injury action proceed. While the proper filing of such a separate contested matter

would appear to have merit, 28 U.S.C. § 157(b)(2), (5), the request for relief from stay is not properly before the Court.

**2.** The Court file reflects that the debtor failed to list Sherra Hutchins as a creditor in the initial documents filed with the Clerk of the Bankruptcy Court. Accordingly, the creditors moving for transfer of venue were unaware of her status as creditor.

**3.** The debtor has filed no motion requesting that the attorneys litigating the state court proceedings be permitted to represent the debtor.

in each court in which litigation is pending.[4] The Court finds that these actions indicate the hand of the debtor in manipulating these proceedings without regard to the dictates of good faith.

 Hutchins' first assertion is that the failure to obtain notice of the bankruptcy proceedings and the emergency motion denied her due process of law. The failure of the debtor to provide notice to Hutchins of the bankruptcy proceeding itself does not require that the Order transferring venue be set aside. Secondly, failure to receive notice of venue proceedings does not require that the Order transferring the case be set aside. Procedure regarding transfer of venue in a bankruptcy case is governed by Rule 1014, Federal Rules of Bankruptcy Procedure, which states in pertinent part:

> *Cases Filed in Proper District.*[5] If a petition is filed in a proper district, on timely motion of a party in interest, *and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court,* the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

Fed.R.Bankr.Proc. 1014(a)(1) (emphasis added). Rule 1014 specifically states those persons upon whom notice must be served: the petitioners, the U.S. Trustee, and others *as directed by the court.* The clerk of the court served notice upon the movants, the debtors, and the U.S. Trustee. That is all the rule requires. *See Hadar Leasing International Co., Inc. v. D.H. Overmyer Telecasting Company, Inc. (In re Hadar Leasing International Co., Inc.),* 14 B.R.

819, 821 (S.D.N.Y.1981) ("[Former] Rule 116(b) states that notice shall be given to those whom the court directs, and I have found no explicit authority, nor have the intervenors cited any, which mandates notice to creditors on a motion to transfer venue. Since Rule 116 authorizes transfer before the first meeting of creditors, it permits transfer before the creditors are heard."). No order was requested nor entered requiring notice upon any other persons.

Notice provisions in bankruptcy cases are more carefully and fully set forth than in other matters litigated in federal courts. The reasons behind this are obvious: creditors by necessity must have notice of matters which affect their rights. The concerns of due process are balanced against the burdens and costs to the court and all litigants in the bankruptcy situation where numerous separate issues arise with respect to multitudes of creditors. The requirements of Rule 2002 generally list those matters of which *all* creditors must be given notice. A potential transfer of venue is not one of these items listed.[6] Instead, Rule 1014 specifically states the persons to whom notice of the hearing must be given. Hutchins is not one of those persons.

 Hutchins argues that "The expense of trial of a civil action for personal injury in Bankruptcy Court in Texas will be prohibitive to Sherra Hutchins, and will effectively deny her access to the Courts, thus denying her equal protection of the law." This argument appears to assume that if the main bankruptcy case is transferred to Texas, the Arkansas state court action nec-

---

**4.** Local Rule 4 provides in full:

> As soon as possible after the date the bankruptcy petition is filed with the United States Bankruptcy Clerk, the debtor is required to give written notification to each court or administrative tribunal in which there is pending litigation involving the debtor. Copies of that written notification shall be mailed on the same date to all attorneys of record in the pending lawsuits.

The bankruptcy was filed on June 8, 1992. It appears from the allegations of Hutchins' motion that, as of July 20, 1992, no such notice had been filed as required by Rule 4.

**5.** In the oral findings made at the conclusion of the hearing on the emergency motion to transfer venue, the Court found that the Eastern District of Arkansas was a proper district for venue purposes.

**6.** Presumably, the debtor would be most desirous of maintaining its chosen forum and would ardently defend against any motion for transfer of venue. The Court can hardly imagine a case more zealously argued and tried than by the debtor in this case.

essarily is also transferred, removed, or otherwise before the bankruptcy court in Texas. Such an assumption is in error. Further, the change of venue of the main bankruptcy case in no manner prejudices Hutchins.

First, the state law action, although stayed pursuant to 11 U.S.C. § 362, is still pending in the Arkansas state court. That status does not change unless the matter is removed to the district court[7] by a party. In the event the stay is lifted to permit continued litigation of the state court action, the matter would be tried in Sharp County, Arkansas. There is no assertion or any basis to believe that the debtor would attempt to remove this purely Arkansas state law claim to the district court, whether the bankruptcy case were pending in Arkansas or Texas. Indeed, an attempt to remove the matter to the district court in Texas could be indicative of bad faith on the part of the debtor. There being no indication that the matter will be removed to the district court, the assertion that the matter would be tried in Texas is without merit.

 Even if the debtor removed the Arkansas state court proceeding to the district court, mandatory remand is implicated. 28 U.S.C. § 1334(c)(2).[8] Upon timely motion by Hutchins, section 1334(c)(2) would require that the district court remand the matter to the state court. Even were mandatory abstention not implicated, the existence of "equitable grounds," for discretionary remand appear to be overwhelming. *See* 28 U.S.C. § 1452(b). Finally, even if the state court action were removed to the district court within the context of the Texas bankruptcy proceeding, title 28 provides that the matter could yet be heard by the district court in Arkansas. Section 157(b)(5) provides that a personal

injury tort action "shall be tried in the district court in which the bankruptcy case is pending, *or in the district court in the district in which the claim arose,* as determined by the district court in which the bankruptcy case is pending." (Emphasis added.) A motion for transfer of venue of the district court proceeding would certainly be appropriate in the improbable event the matter is removed and not remanded.

Every principal embodied in title 28, in the Bankruptcy Code, and the principals of comity with state courts, respect for state law, and good faith indicate that Hutchins claim will be tried in Arkansas. This Court can conceive of no circumstance in which Hutchins would be required to litigate her Arkansas state law claim in Texas. Accordingly, the motion does not state sufficient cause for setting aside the Order transferring venue.

ORDERED that the Motion of Sherra Hutchins for Rehearing, filed on July 27, 1992, is DENIED.

IT IS SO ORDERED.

---

7. Bankruptcy courts are precluded from hearing personal injury tort actions. 28 U.S.C. § 157(b)(5).

8. Section 1334 provides in pertinent part:
 (2) Upon timely motion of a party *in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which* *an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. * * *
 28 U.S.C. § 1443(c)(2) (emphasis added).