In re BSJ TOWER ASSOCIATES, Debtor.

GENERAL ELECTRIC PENSION TRUST, Plaintiff,

v.

BSJ TOWER ASSOCIATES as Debtor and Debtor in Possession, Defendant.

Bankruptcy No. 81 B 20132.

Adv. Proceeding No. 81 ADV 6051.

United States Bankruptcy Court, S. D. New York.

June 2, 1981.

Leon Baker, New York City, for debtor.

Carlos Ruiz Cox, San Juan, P. R., co-counsel, for debtor.

Shea & Gould, New York City, for General Elec. Pension Trust by Jacalyn F. Barnett and Edward J. Martin, III, New York City.

Malcolm A. Hoffmann, New York City, for Puerto Rican Right to Employment Administration and Atty. Gen. of Puerto Rico; Glenn S. Koppel, New York City, and Hans Hertell, San Juan, P. R., of counsel.

Sage, Gray, Todd & Sims, New York City, for Banco de San Juan by William J. Allingham, Beverly G. Miller, John J. Vollkommer, and Francis X. Sexton, Jr., New York City.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Banco de San Juan (Banco) has moved for an order in the above captioned case transferring the case to the United States Bankruptcy Court for the District of Puerto Rico on the ground that venue is not proper in the Southern District of New York, and in the interest of justice and for the convenience of the parties, pursuant to 28 U.S.C. §§ 1475 and 1477. Banco, a banking corporation chartered under the laws of the Commonwealth of Puerto Rico, with its principal place of business in Puerto Rico, is the holder of a secured interest and claim against the debtor, BSJ Tower Associates. The debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 6, 1981. The petition reflects the fact that the debtor is a New York limited partnership with its principal place of business in Purchase, New York. The general partner of the debtor is Metro-

politan Industries, Inc. (Metropolitan), a corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal offices in Puerto Rico. The main asset of the debtor is an office building located in Puerto Rico, managed by the general partner, Metropolitan, in Puerto Rico. The books and records of the debtor are maintained in Puerto Rico under the aegis of an accounting firm in Puerto Rico. With the exception of General Electric Pension Trust, who claims to be the largest secured creditor of the debtor, all of the other creditors and employees of the debtor are located in Puerto Rico.

General Electric Pension Trust commenced an adversary proceeding in this court for the purpose of obtaining a lifting of the automatic stay imposed under Code Section 362 of the Bankruptcy Code, in order to be permitted to continue with its foreclosure proceeding with respect to its secured claim now pending in the local court in the Commonwealth of Puerto Rico. During the course of this adversary proceeding, it became evident that whether or not General Electric Pension Trust had standing as a secured creditor and whether or not the debtor lacked equity in the property for purposes of Code Section 362(d)(2)(A) depended upon an interpretation of the law of the Commonwealth of Puerto Rico. It is also urged by the debtor that the secured interest asserted by General Electric Pension Trust is void as violative of the usury statutes enacted by the Commonwealth of Puerto Rico. Indeed, the entire concept of whether or not a mortgage was involved and whether or not the debtor actually holds title to the property in question is dependent upon an interpretation of the civil law applicable in the Commonwealth of Puerto Rico at the time of the transaction in question. Hence, while the debtor contends that its only major controversy involves its relationship with General Electric Pension Trust, which is a New York trust with offices in the State of Connecticut, nevertheless, even this controversy is controlled by the applicable law of the Commonwealth of Puerto Rico.

Indeed, the Commonwealth of Puerto Rico's Right to Employment Administration, a substantial tenant of the debtor, has also joined in the application for a change of venue to Puerto Rico. In interpreting §§ 1475 and 1477 of 28 U.S.C., the courts have established certain basic standards, namely:

1. The proximity of all creditors and debtor to court,

2. The proximity of witnesses and the books and records to the court,

3. The location of the debtor's assets,

4. The economic administration of the estate, and

5. The necessity for ancillary administration in the event of bankruptcy. *In re Commonwealth Oil Refining Co.,* 596 F.2d 1239 (5th Cir. 1979); *In re S.O.S. Sheet Metal Co.,* 297 F.2d 32 (2nd Cir. 1961); *In re Macon Uplands Venture,* 2 B.R. 444, 5 B.C.D. 1279 (Bkrtcy.D.Md.1980).

In the exercise of its discretion, this court finds that all of the above five factors are satisfied by a transfer of venue of this case to the U. S. Bankruptcy Court for the District of Puerto Rico, especially since New York is simply a fortuitous tax shelter base for an operation located in Puerto Rico. As indicated, the only connection with New York, namely the controversy between the debtor and General Electric Pension Trust, is dependent upon consequences flowing from a transaction rooted in Puerto Rico.

Accordingly, in the interest of justice and the convenience of the parties, this case shall be transferred to the U. S. Bankruptcy Court for the District of Puerto Rico, and it is requested that the Clerk of the Bankruptcy Court in Puerto Rico set this matter down as quickly as possible for a continued hearing with regard to the adversary proceeding commenced by General Electric Pension Trust. In the interim period, the automatic stay authorized under Bankruptcy Code Section 362(a) shall continue, and it is further

ORDERED, in accordance with the authority granted to this court under Code Section 105(a), that the 30 day period imposed under Code Section 362(e), for the

fixing of a hearing with regard to the lifting of the automatic stay, shall commence from the date that this case is referred to a bankruptcy judge in the U. S. Bankruptcy Court for the District of Puerto Rico.

IT IS SO ORDERED.