**In re OFIA REALTY CORP., Debtor.**

**Bankruptcy No. 87 B 20177.**

United States Bankruptcy Court, S.D. New York.

June 10, 1987.

**3.** This memorandum shall be entered of record and shall constitute findings of fact and conclu-

Reid & Priest, New York City (Cynthia Clark, of counsel), for Texas Power & Light Co.

Simpson, Thacher & Barlett, New York City (M.O. Sigal, Jr. and Steven M. Fuhrman, of counsel), for Fidelity Union Life Ins. Co.

Kronish, Lieb, Weiner & Hellman, New York City (William Rochelle, III and Paul Fried, of counsel), for Highway 360 Joint Venture.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City (Wayne H. Davis, of counsel), for Federal Sav. & Loan Ins. Co.

Reich and Reich, White Plains, N.Y. (Sidney Reich, of counsel), for debtor.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Three creditors of Ofia Realty Corp., the above-named Chapter 11 debtor, have filed motions pursuant to 28 U.S.C. § 1412 to transfer venue of this case to the Northern District of Texas, Dallas Division, the district where all of the debtor's real property and all of its non-insider creditors are located.

### FACTS

1. On May 4, 1987, the debtor, Ofia Realty Corp., filed with this court a volun-

sions of law. This is a core proceeding.

tary petition for reorganizational relief under Chapter 11 of the Bankruptcy Code.

2. The debtor is in the business of owning and operating real estate in the State of Texas. It owns two office buildings in the City of Dallas known as the Union Tower Complex. The debtor also owns a motel in Arlington, Texas, which is a suburb of Dallas. The motel is known as the Metro Park Inn. The debtor owns no assets in New York.

3. The debtor's sole shareholder, Martin Carlin, is a resident of Westchester County, New York.

4. Fidelity Union Life Insurance Company ("Fidelity Union") is a Texas corporation with its principal place of business in Dallas, Texas. Fidelity Union is the owner and holder of a Deed of Trust upon the debtor's two office buildings, known as the Union Tower Complex, which are situated upon a single tract in downtown Dallas, Texas.

5. The debtor assumed the obligations under the Deed of Trust pursuant to a Reinstatement Agreement dated as of June 2, 1986, which was negotiated and executed in Dallas, Texas by Martin Carlin, the debtor's sole shareholder and president.

6. The day to day management of the Union Tower Complex was at one time exercised on behalf of the debtor by Imperial Management Corp., a Texas corporation, with an office located in the Union Tower Complex. Fidelity Union regularly communicated with Imperial Management with respect to the debtor's obligations under the Deed of Trust. Thereafter, the debtor changed its managing agent and selected Eagle Investment Company ("Eagle"), a Texas General Partnership, to act as the managing agent for the Union Tower Complex. The debtor's sole shareholder, Martin Carlin, is one of the three partners which comprise Eagle. Eagle's business address is also located in the Union Complex in Dallas, Texas.

7. Texas Power & Light Company ("TP & L") is a division of Texas Utilities Electric Corporation, a corporation organized and existing under the laws of the State of Texas. TP & L is a lessee in the Union Tower Complex in Dallas, Texas. TP & L's lease, including extensions, will run for another 65 years. These premises are TP & L's headquarters. TP & L occupies approximately 20% of the space in the Union Tower Complex and approximately 50% of the occupied space. TP & L claims to be a creditor of the debtor because of alleged rent overcharges by the debtor. These overcharges resulted from TP & L's obligation under the lease to pay a *pro rata* portion of the operating expenses of the building. TP & L claims that the money it actually paid out in 1986 exceeds its *pro rata* obligation, with the result that the debtor allegedly owes TP & L approximately a sum in excess of $100,000 for the overpayments.

8. Highway 360 Joint Venture ("360 Joint Venture") holds a junior secured interest with respect to the debtor's motel in Arlington, Texas, known as the Metro Park Inn.

9. On December 29, 1986, Martin Carlin, the sole shareholder of the debtor, purchased the Metro Park Inn in his individual capacity from 360 Joint Venture. As part of the transaction, Martin Carlin assumed the existing mortgage debt on the motel and granted 360 Joint Venture a Deed of Trust to secure the assumption and a security interest in all of the inventory and equipment located at the motel. Carlin never made any mortgage payments with respect to the motel mortgage, with the result that 360 Joint Venture posted the property for a nonjudicial foreclosure sale under Texas law, scheduled for May 5, 1987. However, the debtor, Ofia Realty Corp., filed its Chapter 11 petition with this court on May 4, 1987.

10. Martin Carlin transferred his interest in the Metro Park Inn to the debtor, Ofia Realty, pursuant to a Warranty Deed executed on March 30, 1987. However, the deed was recorded in the Tarrant County, Texas records on May 5, 1987, which was one day after the Chapter 11 petition was filed. The date stamp on the reverse side of the deed certifies that "this instrument was Filed on this date and at the time

stamped herein ... and was duly Recorded ... as stamped herein ...".

11. The City of Dallas, Texas, although not listed in the petition, has filed a proof of claim, claiming to be a creditor of the debtor, and joins in the motions to transfer venue of this case to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

12. The United States Trustee also joins in the motions to transfer the venue of this Chapter 11 case to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

13. The moving creditors allege that they collectively hold 99% of the non-insider obligations of the debtor.

14. Martin Carlin, the sole shareholder and principal of Ofia Realty Corp., has received telephone calls from Fidelity Union at his home in Harrison, New York. However, the telephone number is his personal exchange. Moreover, Ofia Realty Corp. is not listed in the telephone directory. More importantly, the official Notice to Creditors which this court mailed to Ofia Realty Corp., Rigene Road, Harrison, N.Y., in accordance with the address given by the debtor in its petition, was returned by the post office stamped "Attempted—Not known".

## DISCUSSION

This debtor is, for all practical purposes, a phantom corporation in New York. Its telephone number is unlisted and its address is unknown to the Post Office in Harrison, New York, where it is allegedly located. The only connection this debtor has with New York is the fact that its sole shareholder and president resides in Harrison, New York. The debtor's major assets consist of a complex of two office buildings in Dallas, Texas and a motel in Arlington, Texas, which is a suburb of Dallas. All of its listed creditors, other than its sole shareholder, are located in Texas. Its properties were and are managed by entities located in Dallas, Texas. The efficacy of all of the deeds, secured instruments and leases pertaining to the debtor's properties will be governed by, and interpreted under, the laws of the State of Texas. If the properties are to be appraised, those performing these tasks will be real estate experts who are familiar with real estate conditions in the Dallas area.

Requests for venue changes are governed by 28 U.S.C. § 1412, which declares:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

In *In re Waits*, 70 B.R. 591, 594 (Bankr.S. D.N.Y.1987) this court noted that there was a split of authority as to whether the above statutory language deprives a bankruptcy court of its jurisdiction to hear a change of venue motion and to order a transfer to another district. After citing cases on both sides, this court concluded that it agreed with the majority's reasoning which treats a motion for a transfer of venue as a core matter, concerning the administration of the estate under 28 U.S.C. § 157(b)(2)(A) which is heard pursuant to the district court's order of reference under 28 U.S.C. § 157(a).

The courts have fashioned various criteria which must be weighed in the exercise of the court's discretional determination of whether or not to grant a motion to transfer venue. The most quoted factors are:

(1) The proximity to the court of:
  (a) creditors
  (b) debtors
  (c) assets
  (d) witnesses
(2) The relative economic harm to debtors and creditors caused by a transfer.
(3) The economics of administering the estate.
(4) The effect on the parties and their willingness or ability to participate in the case or in adversary proceedings.
(5) The availability of compulsory process and the cost associated with the attendance of unwilling witnesses.

*Commonwealth of Puerto Rico v. Commonwealth Oil Refining Company, Inc. (In re Commonwealth Oil Refining Company, Inc.)*, 596 F.2d 1239, 1247 (5th Cir.

1979) *cert. denied* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *In re Old Delmar Corp.*, 45 B.R. 883, 884 (S.D.N.Y. 1985); *Landmark Capital Company v. North Central Development Company (In re Landmark Capital Co.)*, 20 B.R. 220, 223-24 (S.D.N.Y.1982); *Hadar Leasing International Co., Inc. v. D.H. Overmyer Telecasting Company, Inc. (In re Hadar Leasing International Co., Inc.)*, 14 B.R. 819, 820 (S.D.N.Y., 1981); *In re Developers of Caquas, Inc.*, 26 B.R. 977, 980 (Bankr.E. D.N.Y.1983); *In re Dock of the Bay, Inc.*, 24 B.R. 811, 815-16 (Bankr.E.D.N.Y.1982); *In re Boca Development Associates*, 18 B.R. 648, 652 (Bankr.S.D.N.Y.1982); *General Electric Pension Trust v. BSJ Tower Associates (In re BSJ Tower Associates)*, 11 B.R. 449, 450 (Bankr.S.D.N.Y.1981).

In *In re Old Delmar Corporation*, 45 B.R. at 884, District Court Judge Milton Pollack said:

> The factor which "overwhelmingly militates in favor of transfer" is that all of the debtors' assets are located in Texas.

Similarly in *Hadar Leasing International Co., Inc. v. D.H. Overmyer Telecasting Company, Inc. (In re Hadar Leasing International Co., Inc.)*, 14 B.R. at 821, District Court Judge Lee Gagliardi said:

> Finally, the factor which overwhelmingly militates in favor of transfer was ... that substantially all of its assets are in Ohio.

In the instant case all of the debtor's assets are in Texas. The proximity to the court for creditors, all of whom are in Texas, except for the debtor's sole shareholder, and for witnesses, will be better served by transfer to the bankruptcy court in Dallas, Texas. The relative economic harm to the debtor caused by such a transfer would be minimal, especially since the debtor is a principal of the managing agent in Dallas which services the Union Tower Complex. The economics of administering the case in Dallas will be furthered because all of the witnesses and transactions testified to will be rooted in Dallas. The creditors, their witnesses and their counsel will be better able to participate in the administration of this case if it were transferred to Dallas.

Except for the residence of the debtor's sole shareholder, Milton Carlin, in Harrison, New York, every other aspect of the debtor's business points to Dallas, Texas, where its managing agent, its assets and its creditors are located and where its business transactions were conducted. The relationships between the debtors, its creditors and its assets will governed by the laws of the State of Texas.

Accordingly, in the interests of justice and for the convenience of the parties, the venue of this Chapter 11 case should be transferred to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). These motions to change venue constitute core matters pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The movants, Fidelity Union, Texas Power & Light Company and Highway 360 Joint Venture, have sustained their burden of proof to support a change of venue pursuant to 28 U.S.C. § 1412.

3. The movants' motions are granted and, in the interests of justice and for the convenience of the parties, this Chapter 11 case shall be transferred to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

SETTLE ORDER on notice.