**In re GREENHAVEN ASSOCIATES, LTD., Debtor.**

**Bankruptcy No. 88 B 20520.**

United States Bankruptcy Court, S.D. New York.

Nov. 9, 1988.

Barr and Faerber, Spring Valley, N.Y., for debtor.

Olwine, Connelly, Chase, O'Donnell & Weyner, New York City, for Union Federal Sav. Bank, Paul E. Hatfield and Donald B. Cox.

## MOTION FOR TRANSFER OF VENUE

### HOWARD SCHWARTZBERG,
Bankruptcy Judge.

Union Federal Savings Bank ("Union") the holder of a first mortgage lien on a Kentucky apartment complex owned by the debtor. Greenhaven Associates, Ltd. has joined with Paul Hatfield and Donald B. Cox, the holders of a second mortgage lien on the Kentucky property, in a motion pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014(a) to transfer venue of this Chapter 11 case to the Western District of Kentucky.

The debtor is a limited partnership organized under the laws of the state of New Jersey. Its sole asset is the Greenhaven Apartments, an apartment complex located in Bowling Green, Kentucky. The movants, who hold approximately 80 percent of the debtor's total debt, are located in the State of Indiana. A previous Chapter 11 case filed by this debtor in the State of New Jersey was transferred without opposition by Hatfield and Cox. The former general partners of the debtor in New Jersey thereafter assigned their general partnership interests to Greenhaven Apartments Inc., a corporation organized under the laws of the state of New York, which thereafter entered into a settlement agreement with the secured creditors, resulting in a voluntary dismissal of the pending Chapter 11 case in the Western District of Kentucky. A default in the settlement payments triggered another mortgage foreclosure action in the state court in Kentucky, which then prompted the filing of a second Chapter 11 case, this time in the Southern District of New York, where the current general partner is located.

The motion for a transfer of venue of this Chapter 11 case to the Western District of Kentucky hinges on a determination as to whether a change in management of the debtor by the substitution of a New York general partner for the former New Jersey general partners justifies the retention of venue of this case in the Southern District of New York when the previous chapter 11 case commenced by the former general partners in the Bankruptcy Court in New Jersey was transferred to the Bankruptcy Court in the Western District of Kentucky, where the apartment complex is located and where twenty of the debtor's thirty-four creditors reside. The only creditor who resides in New York is the managing agent, Bennett Crowe, which is controlled by Patrick Crowe, the sole officer, director and shareholder of the debtor's general partner. The facts are undisputed and have been stipulated as follows:

1. The debtor, Greenhaven, is a limited partnership organized and existing under the laws of the State of New Jersey.

2. Greenhaven's sole asset is the Greenhaven Apartments, an apartment complex located in Bowling Green, Kentucky.

3. Greenhaven's sole business activities consist of the owning and operating of the Greenhaven Apartments.

4. Greenhaven has no office.

5. Union Federal is the holder of a first mortgage lien on the Greenhaven Apartments, together with the rents and profits derived therefrom.

6. Union Federal's principal place of business is located in Evansville, Indiana, approximately ten miles from the Kentucky border.

7. Union Federal also maintains a branch office in Henderson, Kentucky.

8. Paul E. Hatfield and Donald B. Cox are holders of a second mortgage lien on the Greenhaven Apartments, along with the rents and profits derived therefrom.

9. Hatfield and Cox are residents of Evansville, Indiana, approximately ten miles from the Kentucky border.

10. Evansville, Indiana is approximately 110 miles from the Bankruptcy Court for the Western District of Kentucky located in Bowling Green, Kentucky.

11. Greenhaven's only secured creditors are Union Federal and Hatfield and Cox.

12. Approximately 80% of Greenhaven's total debt is owed to Union Federal and Hatfield and Cox.

13. Greenhaven's general partner is Greenhaven Apartments, Inc., a corporation organized and existing under the laws of the State of New York.

14. The principal place of business of Greenhaven's general partner is located at P.O. Box 323, Hunting Ridge Mall, Bedford, New York 10506.

15. The business of Greenhaven is conducted under the direction and control of its general partner.

16. The managing agent for Greenhaven and its general partner is Bennett–Crowe Realty, Inc., ("Bennett–Crowe"), a corporation organized and existing under the laws of the State of New York.

17. Bennett–Crowe's principal place of business is located at P.O. Box 323, Hunting Ridge Mall, Bedford, New York 10506.

18. Greenhaven's books and records are in the possession of Bennett–Crowe.

19. Except through its managing agent, Greenhaven has no telephone listing in the State of New York.

20. Except through its managing agent, Greenhaven's general partner has no telephone listing.

21. The managing agent has at least five fulltime employees who work at the site of the Greenhaven Apartments and who engage in the collection of rents, showing of apartments, approval of prospective tenants, renting of apartments, handling of tenant complaints and maintenance of the property.

22. Employees of the managing agent undertake the following duties in the Southern District of New York: all accounting functions; generating of tenant bills and rent rolls; payment of all bills; obtaining and placement of insurance; correspondence with vendors and tenants; approval of expenditures, changes of rent and forms of leases; employment and monitoring of the on-site employees; implementation of safety procedures in manuals; financing; tax compliance (federal, state and local); and retention of professionals.

23. The managing agent maintains two bank accounts with respect to the Greenhaven Apartments with American National Bank and Trust Company in Bowling Green, Kentucky. Part of the rental income generated by Greenhaven Apartments is deposited into one of the accounts and is used to pay the payroll expense of the on-site employees of Bennett–Crowe. The remainder of the rental income generated by the property is deposited into the other Kentucky bank account and, except for petty cash, is then transferred to a separate account maintained by the managing agent in New York.

24. The sole officer, director and shareholder of Greenhaven's general partner is Patrick Crowe. Mr. Crowe is also the holder of the majority of partnership interests of Greenhaven and is an officer, director and shareholder of Bennett–Crowe. Mr. Crowe maintains an office at P.O. Box 323, Hunting Ridge Mall, Bedford, New York and a residence in Bedford Hills, New York.

25. Twenty of Greenhaven's thirty-four creditors reside in the State of Kentucky; five reside in New Jersey; three reside in Indiana; two reside in Texas; two reside in Georgia; one resides in Tennessee; and one resides in New York.

26. The Secured Creditors' interests could be adequately represented by New York counsel if this case were not transferred, except that it would be less expensive and more convenient for the Secured Parties and their witnesses if this case were transferred to the Western District of Kentucky.

27. Greenhaven's interests could be adequately represented by Kentucky counsel if this case were transferred, except that it would be less expensive and more convenient for Greenhaven's management and its witnesses if this case were not transferred from the Southern District of New York.

28. The debtor's management will have to make appearances in bankruptcy court for meetings of creditors, hearings on con-

firmation and other matters in the ordinary course of Greenhaven's Chapter 11 case.

29. The debt to the secured creditors totals approximately $1,875,000.00.

30. An appraisal of the property dated February 10, 1988 and performed by Harold Brantley, MAI of Bowling Green, Kentucky values the property at $2,600,000.00.

31. On September 16, 1988, non-MAI appraisers appointed by the Master Commissioner of the Warren Circuit Court filed their written appraisal pursuant to Kentucky law fixing the fair market value of the property at $1,800,000.00.

32. On January 5, 1988, Greenhaven's former general partners—Robert Medina and Thomas Stanley—assigned their general partnership interests to Mr. Crowe.

33. Bennett–Crowe has provided management services to Greenhaven and, as a result, is a creditor of Greenhaven. The Amended Plan of Reorganization filed by Greenhaven states that Bennett–Crowe has agreed to subordinate its claim to those of the other general unsecured creditors for the purpose of confirming the Amended Plan.

34. On February 4, 1987, Hatfield and Cox commenced Civil Action No. 87–CI–107 against Greenhaven and others in the Circuit Court for Warren County, Kentucky, seeking a judgment foreclosing the second mortgage and ordering a judicial sale of the Greenhaven Apartments.

35. On October 20, 1987, the Warren County Circuit Court entered summary judgment in favor of Hatfield and Cox as against Greenhaven in the amount of $800,000.00 plus accrued interest from January 1, 1987, together with court costs and attorneys' fees. The judgment also foreclosed the second mortgage and directed the Master Commissioner of the Warren County Circuit Court to hold a judicial sale of the Greenhaven Apartments on November 2, 1987.

36. On November 2, 1987, the date on which the judicial sale of the Greenhaven Apartments was scheduled to proceed, Greenhaven filed a voluntary petition under Chapter 11 of Title 11, United States Code, with the United States Bankruptcy Court for the District of New Jersey.

37. By Notice of Motion dated December 15, 1987, Hatfield and Cox requested an Order from the U.S. Bankruptcy Court for the District of New Jersey transferring venue of Greenhaven's Chapter 11 case to the U.S. Bankruptcy Court for the Western District of Kentucky. Union Federal joined in support of said motion.

38. Greenhaven withdrew its opposition to the motion to transfer venue prior to a determination of the motion by the U.S. Bankruptcy Court for the District of New Jersey.

39. On January 11, 1988, the U.S. Bankruptcy Court for the District of New Jersey ordered the transfer of Greenhaven's Chapter 11 case to the U.S. Bankruptcy Court for the Western District of Kentucky.

40. Subsequently, Greenhaven and Union Federal entered into a settlement agreement dated April 12, 1988. Greenhaven, Patrick Crowe and Hatfield and Cox entered into a separate settlement agreement dated April 25, 1988.

41. Pursuant to the terms of the foregoing settlement agreements, Greenhaven filed a motion to dismiss its Chapter 11 case, which was granted by Order of the U.S. Bankruptcy Court for the Western District of Kentucky dated June 24, 1988.

42. Upon the failure of Greenhaven and Patrick Crowe to make certain payments which were due and owing under the settlement agreements, Hatfield and Cox directed the Master Commissioner for the Warren County Circuit Court to reinstitute the judicial sale of the Greenhaven Apartments. A judicial sale of the property was rescheduled for August 29, 1988, but was subsequently postponed by agreement of the parties.

43. Union Federal's counsel sent a letter dated 9/6/88 to Patrick Crowe stating that because Greenhaven was $133,981.84 behind on payments due under the April 12, 1988 Agreement, Union Federal had elected to declare the entire first mortgage balance immediately due and payable. Union Fed-

eral's counsel also advised Patrick Crowe that Union Federal intended to reschedule the judicial sale of the Greenhaven Apartments if the first mortgage balance were not received by Union Federal by September 19, 1988.

44. By letter dated September 6, 1988, counsel for Hatfield and Cox notified Greenhaven's attorneys that the sum of $80,181.26 was past due and owing under the terms of the April 25, 1988 Settlement Agreement.

45. As a result of the defaults by Greenhaven and Patrick Crowe, Union Federal and Hatfield and Cox directed the Master Commissioner of the Warren County Circuit Court to reschedule the judicial sale of the Greenhaven Apartments for September 19, 1988.

46. On September 19, 1988, the date on which the judicial sale of the Greenhaven Apartments was rescheduled to proceed, Greenhaven filed the instant case under Chapter 11, Title 11, United States Code in this Court.

47. Since execution of the settlement agreements and pre-petition, Greenhaven has made pre-petition payments of $102,-154.95 to Union Federal and $35,666.00 to Hatfield and Cox. Greenhaven failed to make pre-petition payments of $119,626.66 under the settlement agreement with Union Federal and $80,181.26 under the settlement agreement with Hatfield and Cox.

48. Greenhaven filed a Plan of Reorganization with this Court on September 28, 1988 and an Amended Plan of Reorganization on October 17, 1988. The Amended Plan states that all arrearages owed to the Secured Creditors as of the date of the filing of the bankruptcy petition shall be paid over six years beginning with the proposed effective date of the plan, and that the Secured Creditors shall retain their legal, equitable and contractual rights as they existed on the date the bankruptcy petition was filed.

49. The Secured Creditors' motion to transfer venue of Greenhaven's Chapter 11 case was filed on October 5, 1988.

50. On October 12, 1988, Greenhaven filed a motion to approve a disclosure statement and to set a bar date for the filing by creditors of proofs of claim.

## DISCUSSION

Change of venue motions are governed by 28 U.S.C. § 1412 which provides:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

Additionally, Bankruptcy Rule 1014[a](1)and (2) declares:

(a) Dismissal and Transfer of Cases.

(1) Cases filed in Proper District. If a petition is filed in a proper district, on timely motion of Party in interest, and after hearing on notice to the petitioners and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

(2) Cases filed in Improper District. If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

The only nexus that this debtor has with the State of New York arose after the transfer of the venue of the debtor's first Chapter 11 case from the Bankruptcy Court in the State of New Jersey to the Bankruptcy Court in the Western District of Kentucky. The debtor is a New Jersey limited partnership and therefore it commenced its original Chapter 11 case in the Bankruptcy Court in New Jersey. Thereafter Greenhaven Apartments, Inc., a New York Corporation, purchased the interests of the debtor's former general partners. The managing agent for the new general partner is Bennett–Crowe Realty, Inc., a New York corporation with a principal business location in Bedford, New York.

Bennett–Crowe's address and telephone listing in New York are ascribed to the debtor, which has no telephone listing in New York. The debtor's business is now directed from New York and its books and records are maintained by the managing agent in New York. The debtor's sole asset is located in Kentucky, where all of its income is generated and where twenty of the debtor's thirty-four scheduled creditors are located. Only one creditor, the debtor's current managing agent, is located in New York.

 This court has held that a motion for a transfer of venue is a core matter concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A), which is heard pursuant to the district court's order of reference under 28 U.S.C. § 157(a). *In re Ofia Realty Corp.*, 74 B.R. 574, 576 (Bankr.S.D.N,Y, 1987); *In re Waits*, 70 B.R. 591, 594 (Bankr.S.D.N.Y. 1987). This court finds that the debtor has properly filed its case in this district because the debtor's general partner is located in New York. Pursuant to Bankruptcy Rule 1014(a)(1), a party in interest may seek a transfer of venue even if the original venue is proper. In exercising its discretional determination of whether or not to grant a motion to transfer venue, the court must consider the following factors:

(1) The proximity to the court of:
 (a) creditors
 (b) debtors
 (c) assets
 (d) witnesses
(2) The relative economic harm to the debtors and creditors caused by the transfer.
(3) The economics of administering the case.
(4) The effect on the parties and their willingness or ability to participate in the case or in adversary proceedings.
(5) The availability of compulsory process and the cost associated with the attendance of unwilling witnesses.

*Commonwealth of Puerto Rico v. Commonwealth Oil Refining Company, Inc. (In re Commonwealth Oil Refining Company, Inc.)*, 596 F.2d 1239, 1247 (5th Cir. 1979) *cert. denied* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *In re Old Delmar Corp.*, 45 B.R. 883, 884 (S.D.N.Y. 1985); *Landmark Capital Company v. North Central Development Company (In re Landmark Capital Co.)*, 20 B.R. 220, 223–24 (S.D.N.Y.1982); *Hadar Leasing International Co., Inc. v. D.H. Overmeyer Telecasting Company, Inc. (In re Hadar Leasing International Co., Inc.)*, 14 B.R. 819, 820 (S.D.N.Y.1981); *In re Ofia Realty Corp.*, 74 B.R. 574 (Bankr.S.D.N.Y.1987); *In re Developers of Caguas, Inc.*, 26 B.R. 977, 980 (Bankr.E.D.N.Y.1983); *In re Dock of the Bay, Inc.* 24 B.R. 811, 815–16 (Bankr.E.D.N.Y.1982); *In re Boca Development Associates*, 18 B.R. 648, 652 (Bankr.S.D.N.Y.1982); *General Electric Pension Trust v. BSJ Tower Associates, (In re B.S.J. Tower Associates)*, 11 B.R. 449, 450 (Bankr.S.D.N.Y.1981).

In *In re Old Delmar Corporation*, 45 B.R. at 884, District Court Judge Milton Pollack said:

> The factor which "overwhelmingly militates in favor of transfer" is that all the debtors assets are located in Texas.

Similarly in *Hadar Leasing International Co., Inc. v. D.H. Overmeyer Telecasting Company, Inc. (In re Hadar Leasing International Co., Inc.)*, 14 B.R. at 821, District Court Judge Lee Gagliardi said:

> Finally, the factor which overwhelmingly militates in favor of transfer was ... that substantially all of its assets are in Ohio.

This case is strikingly similar to the facts appearing in *In re Ofia Realty Corp.*, 74 B.R. at 577, where this court concluded that the interests of all creditors other than the debtor's management would be better served by transferring the case to the jurisdiction where all of the debtor's assets were located and where all of the debtor's income was generated. The relative economic harm to the debtor caused by a transfer of venue to the Western District of Kentucky would be minimal, because the debtor retains employees in Kentucky to deal with tenants, collect rents and maintains the premises. The economics of administering the estate will be furthered

because most of the creditors are located in or near Kentucky, whereas only one creditor, the debtor's managing agent, is located in New York. The relationship between the debtor, its creditors and its assets will be governed by the laws of other states, including Kentucky, Indiana and New Jersey. The fact that the debtor filed a disclosure statement after the movants made their motion to transfer venue to the Western District of Kentucky and asserts that it is prepared to file a plan of reorganization calling for the payment to all creditors of 100 cents on every dollar, plus interest, does not mean that the administration of this case will be delayed by a change of venue. The additional inconvenience to the debtor's current management by a change of venue to the Western District of Kentucky is outweighed by the convenience to creditors and potential witnesses that such a change of venue would produce. The court in the jurisdiction where the debtor's sole asset is located and the majority of its creditors reside is in the best position to administer the Chapter 11 case, especially since the debtor's case was previously transferred from New Jersey where the debtor's limited partnership was organized to the Western District of Kentucky, the site of the debtor's income-generating asset.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). These motions to change venue constitute core matters pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The movants, Union Federal Savings Bank and Paul E. Hatfield and Donald B. Cox, have sustained their burden of proof to support a change of venue pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014(a)(1).

3. The movants' motions are granted and in the exercise of discretion authorized under 28 U.S.C. § 1412 and Bankruptcy Rule 1014(a)(1) and in the interests of justice and for the convenience of the parties this chapter 11 case shall be transferred to the United States Bankruptcy Court for the Western District of Kentucky.

SETTLE ORDER on notice.